IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISIONJohn Harris,

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br>　　Plaintiff<br><br>v.<br><br>THE NEW KING'S COLONY PROPERTY OWNERS ASSOCIATION, INC., JOHN HARRIS, EVODIO GONZALEZ, ROSEANGELES ALVAREZ, AGUSTIN AVILA, ELVIA AVILA,MIGUEL GALVEZ, JAKELIN GARCIA, GLADIS HERNANDEZ, ALVARO MORALES, MARGARITA OCHOA, ADRIANA RAMIREZ, JUAN MANUEL BUENO GARCIA, MARIA V. GONZALEZ, JUAN ZAPATA LOPEZ, ARMANDO DE ALBA, REYNA M. SANCHEZ, JULIA PARRA LOZA, SANTIAGO OCHOA, EDGAR MARTINEZ PARRA, ALICE OCHOA, MARIA T. HERNANDEZ, and LIDIA LOPEZ DEL RIO<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.4:16-cv-3579 |

## ORIGINAL COMPLAINT

TO THE COURT:

　　ATAIN SPECIALTY INSURANCE COMPANY ("ATAIN"), Plaintiff, files this as its Original Declaratory Judgment Action against THE NEW KING'S COLONY PROPERTY OWNERS ASSOCIATION, INC. ("the ASSOCIATION"), JOHN HARRIS ("HARRIS"), EVODIO GONZALEZ, ROSEANGELES ALVAREZ, AGUSTIN AVILA, ELVIA AVILA, MIGUEL GALVEZ, JAKELIN GARCIA, GLADIS HERNANDEZ, ALVARO MORALES, MARGARITA OCHOA, ADRIANA RAMIREZ, JUAN MANUEL BUENO GARCIA, MARIA V. GONZALEZ, JUAN ZAPATA LOPEZ, ARMANDO DE ALBA, REYNA M. SANCHEZ, JULIA PARRA LOZA, SANTIAGO

OCHOA, EDGAR MARTINEZ PARRA, ALICE OCHOA, MARIA T. HERNANDEZ, and LIDIA LOPEZ DEL RIO (collectively "the Underlying Lawsuit Plaintiffs"). In support of its Original Complaint, ATAIN would show this Court as follows:

### Parties and Service

1.     ATAIN SPECIALTY INSURANCE COMPANY is an insurance company organized in doing business under the laws of the state of Michigan. For purposes of diversity jurisdiction, the nerve center for ATAIN is located in Michigan, and ATAIN is considered a citizen of the state of Michigan.

2.     THE NEW KING'S COLONY PROPERTY  OWNERS ASSOCIATION, INC. is a property owners Association organized and operating under the laws of the state of Texas. The ASSOCIATION can be served with process through service on Ashlie Management, Inc., at One Financial Plaza, Suite 300, Huntsville, Texas 77340 as its registered agent. For purposes of diversity jurisdiction the ASSOCIATION is considered a citizen of the state of Texas. ATAIN asks that summons be issued so that this party can be served with process.

3.     JOHN HARRIS is an individual citizen of the state of Texas, who resides at 1712 North Frazier, Suite 216, Conroe, Texas 77301. For purposes of diversity jurisdiction, HARRIS is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

4.     EVODIO GONZALEZ is an individual citizen of the state of Texas, who resides at 25416 Northhampton, New Caney, Texas  77357. For purposes of diversity jurisdiction, GONZALEZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

2

5.     ROSEANGELES ALVAREZ is an individual citizen of the state of Texas, who resides at 19173 Ruthland, New Caney, Texas  77357. For purposes of diversity jurisdiction, ALVAREZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

6.     AGUSTIN AVILA is an individual citizen of the state of Texas, who resides at 263 Sunset Path S, Montgomery, Texas  77316-2911. For purposes of diversity jurisdiction, AVILA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

7.     ELVIA AVILA is an individual citizen of the state of Texas, who resides at 263 Sunset Path S, Montgomery, Texas  77316-2911.  For purposes of diversity jurisdiction, AVILA is a citizen of the state of Texas.  ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

8.     MIGUEL GALVEZ is an individual citizen of the state of Texas, who resides at 19173 Ruthland, New Caney, Texas  77357. For purposes of diversity jurisdiction, GALVEZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

9.     JAKELIN GARCIA is an individual citizen of the state of Texas, who resides at 11503 Bandlon Drive, Houston, Texas  77072. For purposes of diversity jurisdiction, GARCIA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

10.    GLADIS HERNANDEZ  is an individual citizen of the state of Texas, who resides at 19124 Huntingshire, New Caney, Texas  77357. For purposes of diversity jurisdiction, HERNANDEZ is a citizen of the state of Texas. ATAIN asks

that summons be issued so that service can be obtained on this individual at this time.

11.    ALVARO MORALES is an individual citizen of the state of Texas, who resides at 19124 Huntingshire, New Caney, Texas  77357. For purposes of diversity jurisdiction, MORALES is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

12.    MARGARITA OCHOA is an individual citizen of the state of Texas, who resides at 25417 Cambridge Blvd., New Caney, Texas  77357. For purposes of diversity jurisdiction, OCHOA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

13.    ADRIANA RAMIREZ is an individual citizen of the state of Texas, who resides at 5845 Southlea Street, Houston, Texas  77033-1734. For purposes of diversity jurisdiction, RAMIREZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

14.    JUAN MANUEL BUENO GARCIA is an individual citizen of the state of Texas, who resides at 19149 Huntingshire, New Caney, Texas  77357. For purposes of diversity jurisdiction, GARCIA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

15.    MARIA V. GONZALEZ is an individual citizen of the state of Texas, who resides at 19132 Coventry Court, New Caney, Texas  77357. For purposes of

diversity jurisdiction, GONZALEZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

16.    JUAN ZAPATA LOPEZ, is an individual citizen of the state of Texas, who resides at 19168 Bedford, New Caney, Texas  77357-1430. For purposes of diversity jurisdiction, LOPEZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

17.    ARMANDO DE ALBA is an individual citizen of the state of Texas, who resides at 19040 Nottingham Street, New Caney, Texas  77357. For purposes of diversity jurisdiction, ALBA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

18.    REYNA M. SANCHEZ is an individual citizen of the state of Texas, who resides at 908 Boyd CT, Pasadena, Texas  77506. For purposes of diversity jurisdiction, SANCHEZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

19.    JULIA PARRA LOZA is an individual citizen of the state of Texas, who resides at 25536 Northampton, New Caney, Texas  77357. For purposes of diversity jurisdiction, LOZA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

20.     SANTIAGO OCHOA is an individual citizen of the state of Texas, who resides at 25417 Cambridge Blvd., New Caney, Texas  77357. For purposes of diversity jurisdiction, OCHOA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

21.     EDGAR MARTINEZ PARRA is an individual citizen of the state of Texas, who resides at 20043 Old Sorters Road, Porter, Texas  77365-7012. For purposes of diversity jurisdiction, PARRA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

22.     ALICE OCHOA is an individual citizen of the state of Texas, who resides at 25417 Cambridge Blvd, New Caney, Texas  77357-4595ia. For purposes of diversity jurisdiction, OCHOA is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

23.     MARIA T. HERNANDEZ is an individual citizen of the state of Texas, who resides at 19104 Suffolk, New Caney, Texas  77357. For purposes of diversity jurisdiction, HERNANDEZ is a citizen of the state of Texas. ATAIN asks that summons be issued so that service can be obtained on this individual at this time.

24.     LIDIA LOPEZ DEL RIO is an individual citizen of the state of Texas, who resides at 25566 Cambridge Blvd, New Caney, Texas  77357-4596. For purposes of diversity jurisdiction, DEL RIO is a citizen of the state of Texas. ATAIN asks

that summons be issued so that service can be obtained on this individual at this time.

## Venue and Jurisdiction

25.    Jurisdiction exists in this court because the amount of controversy exceeds $75,000 exclusive of fees and costs. 28 U.S.C. §1332. In addition, the Plaintiff is diverse in citizenship from all of the Defendants.

26.    Venue exists in this court because the matters giving rise to the Declaratory Judgment Action took place in Montgomery County, Texas. 28 U.S.C. §124(b)(2).

## Background

27.    ATAIN issued a policy of insurance, policy number CIP257171 (the "Policy") issued by Atain Specialty Insurance Company to the The New King's Colony Property Owners Association ("the Association"), with a policy period from 11/21/15 to 11/21/16. The Policy provided coverage, subject to the terms, conditions, exclusions, endorsements, limitations and other language for non-profit professional liability insurance, more specifically, for Directors and Officers Liability.

28.    The Underlying Lawsuit Plaintiffs allegedly participated in home ownership or purchased unimproved lots subject to the ASSOCIATION. At some point in time, the Plaintiffs filed suit against the ASSOCIATION and HARRIS in state court in an action styled: Cause No. 16-060-6596; *Evodio Gonzalez, Rosangeles Alvarez, Augustin Avila, Elvia Avila, Miguel Galvez, Jakelin Garcia, Gladis Hernandez, Alvaro Morales and Margarita Ochoa, et. al v. The New Kings Colony*

*Property Owners Association, Inc. and John Harris*; in the 284th Judicial District Court of Montgomery County (the "Underlying Lawsuit").

## The Underlying Lawsuit Allegations

29.    In the First Amended Petition in the Underlying Lawsuit, the Underlying Lawsuit Plaintiffs seek recovery against the ASSOCAITION and HARRIS under a variety of theories.

30.    By way of background, in the Underlying Lawsuit, the Underlying Lawsuit Plaintiffs claim that New King's Colony is a subdivision located in Montgomery County, Texas. Individuals purchased unimproved lots on which they can build structures replace mobile homes. The lots have no plumbing, only septic tanks and water wells. Most of the roads in front of the lots are not paved.

31.    The Underlying Lawsuit goes on to allege that HARRIS is the president of the ASSOCIATION, as well as the "developer" of the ASSOCIATION, and HARRIS allegedly holds the title to the lots in New King's Colony until the landowners have made all of their required payments.

32.    According to the allegations, when land owners have sought a change in the leadership of the ASSOCIATION, and cast what they felt were apparently enough votes in an election to replace HARRIS, HARRIS would claim to have enough votes to retain the presidency.

33.    On or about June 18, 2012, the plaintiffs were informed that the ASSOCIATION desired to "establish a policy to provide adequate annual maintenance assessments to provide for the needs of the various sections of King's colony subdivision." The new fee was $180, double the old fee of $90.

34.    In the Underlying Lawsuit, the Underlying Lawsuit Plaintiffs state they begin paying the increased maintenance fee based on representations that the increased amount would constitute an adequate assessment to provide for needs as set forth in the Declarations of the ASSOCIATION. Allegedly, the ASSOCIATION had no intention of providing for the needs of the landowners, and there is no maintenance of streets, roads, curbs, gutters, sidewalks, and parks, or hardly any paved streets or roads.

35.    The Plaintiffs go on to allege that:

Furthermore:

(1)    There have been no constructive projects to improve the community, state, and nation;

(2)    There have been no municipal services and educational and public recreational services and facilities for residents of New King's Colony;

(3)    There has been no acquisition, maintenance or construction of buildings and property for public services and educational and recreational facilities; and

(4)    There has been next to nothing done for the general benefit of the community.

36.    Allegedly, the ASSOCIATION and HARRIS simply pocketed the maintenance fee while landowners received nothing in return.

37.    Specifically, the Underlying Lawsuit Plaintiffs seek to recover against the Association and Harris under the following theory:

> 1. Common law fraud based on intentional misrepresentations designed to compel landowners to pay the increased maintenance fee.

38. The Underlying Lawsuit Plaintiffs seek unliquidated damages within the jurisdictional limits of the court as well as exemplary damages based on actual fraud or malice committed by the ASSOCIATION and HARRIS.

39. In addition, the Underlying Lawsuit Plaintiffs seek to pierce the corporate veil and to hold HARRIS personally responsible.

40. After receiving service of the Underlying Lawsuit, the ASSOCIATION and HARRIS sought a defense from ATAIN. ATAIN provided the defense, subject to a reservation of rights.

### The Policy

41. The policy from ATAIN contains the following language which applies to eliminate or remove coverage for the claims made in the Underlying Lawsuit from the coverage of the Policy.

42. The non-profit professional liability policy form reads as follows:

### Coverage Part A. Non-Profit Directors and Officers Liability

### Does not apply in MI and PA

NOTICE: This is a Claims Made Policy.  This Policy only covers those CLAIMS first made against INSURED during the POLICY PERIOD of Extended Reporting Period, if purchased.  DEFENSE COSTS shall be applied against the Retention.

...

**INSURING AGREEMENTS**

**I.   COVERAGE**

The **COMPANY** will pay on behalf of the **INSURED** all **LOSS** in excess of the Retention not exceeding the limit of liability for which this coverage applies which the **INSUREDS** shall be legally obligated to pay as a result of any **CLAIM** made against the **INSURED** due to a **WRONGFUL ACT**, provided that the **CLAIM** is first made during the **POLICY PERIOD** and written notice of said **CLAIM** is received by the **COMPANY** no later than sixty (60) days after the expiration date of the **POLICY PERIOD** or during any Extended Reporting Period, if applicable.

...

IV.   DEFINITIONS

...

B.   (1)   **CLAIM** means any demand made upon the **INSURED** for monetary damages, whether formal or informal, written or oral, as result of a **WRONGFUL ACT.**

...

H.   **INSURED(S)** means the **ENTITY** named in the Declarations as named insured and any individual who was, now is, or shall be a director, officer, trustee, employee, volunteer, or staff member of the **ENTITY** and shall include any executive, board member or committee member whether salaried or not.

**INSURED** shall also include estates, heirs, legal representatives or assigns of deceased persons who were **INSUREDS** at the time of the **WRONGFUL ACT** or when the **CLAIM** is made, and the legal representatives or assigns of the **INSUREDS** in the event of their incompetency, insolvency or bankruptcy.

I.   **LOSS** means any amount which the **INSURED** is legally obligated to pay or which the **ENTITY** shall be required or permitted by law to pay for any **CLAIM** or **CLAIMS** made against them for **WRONGFUL ACTS** and shall include but not be limited to monetary damages, judgments and settlements. **LOSS** shall not include fines or penalties imposed by law and/or any of the following:

(1)   Punitive or exemplary damages or the multiplied portion of any damage award.[1]

---

[1] The definition of "LOSS" is modified by an amendatory endorsement (NPDO0044 11/14) to include punitive damages.

(2)    Criminal nor civil fines or penalties.

...

M.    **WRONGFUL ACT** means any actual or alleged negligent act, error or omission, misstatement, misleading statement, or breach of duty committed by an **INSURED** in the performance of duties on behalf of the **ENTITY.**

...

V.    **EXCLUSIONS**

This policy does not apply to:

A.    Any **CLAIM** based upon, alleging or arising out of the gaining of any personal profit or advantage which the **INSURED** is not legally entitled.

B.    Any **CLAIM** based upon or arising out of any **INSURED** committing in fact, any fraudulent or dishonest act, however, notwithstanding the foregoing, the **INSURED** shall be protected under the terms of this policy as to any **CLAIMS** upon which suit is brought against them by reason of any alleged dishonesty on the part of the **INSURED**, unless a judgment or other final adjudication thereof, adverse to the **INSURED**, shall establish that acts of active and deliberate dishonesty committed by the **INSURED** with actual dishonest purpose and intent, were material to the cause of action so adjudicated.

...

I.    Any **CLAIM** alleging, based upon or arising out of **CLAIMS**, demands or actions seeking relief or redress in any form other than money damages, or for claimant/plaintiff attorney fees or expenses relating to **CLAIMS**, demands or actions seeking relief or redress in any form other than money damages.

**J.**    Any **CLAIMS,** demand or actions seeking relief or redress for either a willful, intentional, knowing, tortious or negligent breach of, failure to perform in whole or part, any oral, written or implied contract between the **INSURED** and any other person, except any oral, written or implied contract relating to that persons employment by the **INSURED.**

43.   In addition, the Policy contains a Builder/Developer Exclusion Endorsement that reads as follows:

## ENDORSEMENT

**This Endorsement modifies insurance provided under the following:**

**NON PROFIT DIRECTORS & OFFICERS LIABILITY**
**BUILDER/DEVELOPER EXCLUSION ENDORSEIVI ENT**

In consideration of the premium paid, it is agreed that the Company shall not be liable to make any payment for **LOSS or CLAIM EXPENSES** in connection with any **CLAIM** made against any **INSURED** based upon, arising out of, directly or indirectly resulting from, in consequence of, any Claim made by or against any builder, developer, builder/owner, or developer/owner.
All other terms and conditions of the Policy remain unchanged. This endorsement is a part of your Policy and takes effect on the effective date of your Policy, unless another effective date is shown below.

**This Endorsement changes the policy. Please read it carefully.**

### <u>Relief Sought</u>

44.   Because the terms, conditions, exclusions, definitions and language of the Policy eliminates the claims made in the Underlying Lawsuit from coverage, ATAIN seeks a declaration from this court that the claims made in the Underlying Lawsuit are not covered by the Policy. ATAIN further seeks a declaration that ATAIN has no duty to defend the ASSOCIATION or HARRIS for the claims made in and which form the basis of the Underlying Lawsuit. Finally, ATAIN seeks a declaration from this court that ATAIN has no duty to provide indemnity for or to the ASSOCIATION or HARRIS, or to any person or entity that obtains a judgment against the ASSOCIATION or HARRIS in the Underlying Lawsuit. ATAIN seeks this relief pursuant to 28 U.S.C §§ 2201 and 2202.

### **Prayer**

45.    After a trial, or after dispositive motions, ATAIN prays this Court order and declare the following:

a.    That no coverage exists under ATAIN SPECIALTY INSURANCE COMPANY policy number CIP257171 for the claims made in and which form the basis of that particular lawsuit styled:  Cause No. 16-060-6596; *Evodio Gonzalez, Rosangeles Alvarez, Augustin Avila, Elvia Avila, Miguel Galvez, Jakelin Garcia, Gladis Hernandez, Alvaro Morales and Margarita Ochoa, et. al v. The New Kings Colony Property Owners Association, Inc. and John Harris*; in the 284th Judicial District Court of Montgomery County;

b.    That, under policy number CIP257171, ATAIN SPECIALTY INSURANCE COMPANY has no duty to defend either THE NEW KING'S COLONY PROPERTY OWNERS ASSOCIATION, INC. or JOHN HARRIS against claims made in and which form the basis of that particular lawsuit styled: Cause No. 16-060-6596; *Evodio Gonzalez, Rosangeles Alvarez, Augustin Avila, Elvia Avila, Miguel Galvez, Jakelin Garcia, Gladis Hernandez, Alvaro Morales and Margarita Ochoa, et. al v. The New Kings Colony Property Owners Association, Inc. and John Harris*; in the 284th Judicial District Court of Montgomery County;

c.    That, under policy number CIP257171, ATAIN SPECIALTY INSURANCE COMPANY has no duty to indemnify either THE NEW KING'S COLONY PROPERTY OWNERS ASSOCIATION, INC. or JOHN HARRIS or any other person or entity that may receive a judgment or award for claims made in and which form the basis of that particular lawsuit styled: Cause No. 16-060-6596; *Evodio Gonzalez, Rosangeles Alvarez, Augustin Avila, Elvia Avila, Miguel*

14

*Galvez, Jakelin Garcia, Gladis Hernandez, Alvaro Morales and Margarita Ochoa, et. al v. The New Kings Colony Property Owners Association, Inc. and John Harris*; in the 284th Judicial District Court of Montgomery County;

     d.    That ATAIN SPECIALTY INSURANCE COMPANY receive all other relief, general or special, at law or in equity, to which it shows itself entitled to receive.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

By:  */s/ George T. Jackson*
     George T. Jackson
     FED ID: 15072
     TBN: 10466950
     5615 Kirby Drive, Suite 900
     Houston, Texas 77005
     (713) 626-1555 telephone
     (713) 622-8077 fax
     Gjackson.atty@bushramirez.com

**Attorneys for Plaintiff,**
**Atain Specialty Insurance Company**